J-S47004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARY L. MACHINSHOK, | |
| Appellant | No. 2143 MDA 2015 |

Appeal from the Judgment of Sentence July 9, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000451-2014, CP-40-CR-0000459-2014

BEFORE:  SHOGAN, LAZARUS, and JENKINS, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 26, 2016**

Appellant, Gary L. Machinshok, appeals from the judgment of sentence entered on July 9, 2015, in the Luzerne County Court of Common Pleas. Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal.  After careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The trial court summarized the factual and procedural history of this case as follows:

> This matter is presently before the [c]ourt on [Appellant's] appeal of his sentence following the entry of no contest pleas in

[two] cases to Rape, Statutory Sexual Assault, Indecent Assault and related charges.[1]  The [c]ourt accepted [Appellant's] no contest pleas at a hearing on August 4, 2014.  A Pre-Sentence Investigation (PSI) was ordered to be completed by the Luzerne County Adult Probation and Parole Department, and a sentencing hearing was scheduled.  Prior to sentencing, the Pennsylvania Sexual Offenders Assessment Board completed an assessment and evaluation of [Appellant], and determined that he meets the criteria of a sexually violent predator.

> [1] In the case docketed at 459 of 2014 [Appellant] plead no contest to F-1 Rape, 18 § 3121(a)(2); F-2 Statutory Sexual Assault, 18 § 3122.1; F-2 Sexual Assault, 18 § 3124.1; F-2 Aggravated Indecent Assault, 18 § 3125(a)(3); F-2 Aggravated Indecent Assault (victim less than 16), 18 § 3125(a)(8); F-3 Endangering the Welfare of Children, 18 § 4304(a)(1); M-1 Indecent Assault, 18 § 3126(a)(3), M-2 Indecent Assault (w/o consent), 18 § 3126(a)(1); M-2 Indecent Assault (Person less than 16) 18 § 3126(a)(8) and F-3 Corruption of Minors, 18 § 6301(a)(1)(ii).  In the case docketed at 451 of 2014 [Appellant] plead no contest to F-3 Indecent Assault (Person Less than 13), 18 § 3126(a)(7), F-3 Endangering the Welfare of Children, 18 § 4304(a)(1); F-3 Corruption of Minors, 18 § 6301(a)(1)(ii) and F-3 Criminal Attempt (Indecent Assault – person less than 13 years of age).

On July 9, 2015, [Appellant] appeared before the [c]ourt for sentencing.  At the time of [Appellant's] Sentencing, the [c]ourt heard evidence relative to [Appellant's] status as a sexually violent predator pursuant to 42 Pa.C.S. § 9799.24.  After having heard the testimony of Paula Brust, who is employed by the Pennsylvania Sexual Offender's Board (SOAB), and who prepared the SOAB report relative to these cases, we determined that [Appellant] was a sexually violent predator.

Upon a review of the PSI and upon consideration of the submissions made by [Appellant] and counsel at the sentencing hearing, we determined that a sentence within the standard range of the applicable sentencing guidelines was appropriate.  Accordingly, [Appellant] was sentenced to an aggregate term of

incarceration of one hundred and sixty two (162) months to three hundred and twenty four (324) months in a state correctional institution. [Appellant] was subsequently advised of his sexual offender registration notification requirements, as well as his post-sentence rights, and was remanded.

On July 20, 2015, [Appellant] through his counsel, filed a Motion to Modify Sentence[1] which we denied by Order dated August 28, 2015. A Notice of Appeal was filed on September 22, 2015, and on September 24, 2015, we ordered [Appellant] to file a Concise Statement of Errors Complained of on Appeal pursuant to Pa.R.A.P. 1925(b) and requested the Commonwealth to respond thereto.

A Motion to Extend Time for Filing of Concise Statement was filed with this [c]ourt on October 15, 2015. We granted counsel's motion on October 16, 2015. Trial counsel thereafter filed a Petition to Withdraw contemporaneously with a Motion for Appointment of Appellate Counsel. Matthew P. Kelly, Esquire, Luzerne County Conflict Counsel, was subsequently appointed to represent [Appellant] in the instant appeal. A second Motion to Extend Time for Filing of Concise Statement was filed with this [c]ourt on November 2, 2015. We granted counsel's motion that same day and accepted the Concise Statement filed by Attorney Kelly on November 18, 2015, as timely filed.

Trial Court Opinion, 12/2/15, at 1-3.

Before we address the issue that Appellant's counsel raised on appeal, we must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks

---

[1] We note that because July 19, 2015 fell on a Sunday, Appellant had until July 20, 2015, to file his motion. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation); ***Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004).

to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that after making a conscientious examination of the record, he concluded that the present appeal is wholly frivolous. Counsel sent Appellant a copy of the **Anders** brief and the petition to withdraw, as well as a letter advising Appellant that he could represent himself or retain private counsel to represent him. A copy of that letter was attached to counsel's petition to withdraw.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Cartrette**, 83 A.3d at 1032 (quoting **Santiago**, 978 A.2d at 361).

We are satisfied that counsel has met the requirements set forth in *Santiago*. Counsel's brief sets forth the factual and procedural history of this case, cites to the record, and refers to an issue that counsel arguably believes supports the appeal. *Anders* Brief at 1-5. Further, the brief includes counsel's conclusion that the appeal is frivolous, and it contains pertinent case authority and counsel's reasons for concluding that the appeal is frivolous. *Id.* at 6-8. Accordingly, we address the following issue raised in the *Anders* brief:

> Whether the trial court abused its discretion in sentencing the Appellant.

*Anders* Brief at 1.

In the argument portion of the *Anders* brief, counsel asserts that the trial court abused its discretion in failing to consider the sentencing guidelines and in imposing an unreasonable sentence that is excessive under the circumstances. *Anders* Brief at 6. Specifically, counsel argues that the trial court failed to consider Appellant's age, family history, education, employment history, remorse, and cooperation with the Commonwealth. *Id.* at 6-7. Thus, counsel is purporting to present a challenge to the discretionary aspects of Appellant's sentence.

We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a

petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first three requirements of the four-part test are met: Appellant filed a timely appeal, raised the challenges in a post-sentence motion, and included in his ***Anders*** brief the necessary separate concise

statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). Therefore, we next determine whether Appellant raises a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

"We examine an appellant's Rule 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Ahmad*, 961 A.2d 884, 886–887 (Pa. Super. 2008). Here, counsel argues in the Pa.R.A.P. 2119(f) statement that the trial court abused its discretion by failing to consider Appellant's age, family history, education, employment history, remorse, and cooperation. *Anders* Brief at 3.

"This Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013) (citations omitted); *see also Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010) (concluding that a claim that the trial court abused its discretion in failing to adequately consider certain mitigating factors did not raise a substantial question for this Court's review). Accordingly, we cannot conclude that Appellant has raised a substantial question.

Even if Appellant had raised a substantial question, he still would not have obtained relief because the trial court here had the benefit of a presentence investigation ("PSI") report. "Where the sentencing court had

the benefit of a [PSI], we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." *Moury*, 992 A.2d at 171 (internal quotation marks omitted); *see also Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2005) ("Since the sentencing court had and considered a [PSI], this fact alone was adequate to support the sentence, and due to the court's explicit reliance on that report, we are required to presume that the court properly weighed the mitigating factors present in the case.").

Here, at sentencing the trial court explicitly stated:

Having reviewed the presentence investigation report, and all of the letters and statements submitted, all of the testimony presented here today, as well as the various arguments of counsel. Again, reviewing the PSI. In imposing sentence the [c]ourt does note the obvious nature of these offenses. The impact that these offenses have, and will continue to have upon the victims in these matters. [Appellant] was in a position that should have been a position of trust with these young ladies and he violated that trust in the acts to which he pled no contest.

Based upon all that, and so as not to diminish the serious nature of the offenses, the [c]ourt, again noting the horrific nature of the offenses that were perpetrated on multiple victims, we'll sentence [Appellant] to a substantial period of incarceration. The sentences the [c]ourt is going to impose will all be within the standard ranges of the applicable sentencing guidelines.

Sentencing Transcript, 10/28/15, at 45-46. Accordingly, Appellant's argument that the trial court failed to consider mitigating evidence would fail. *See Moury*, 992 A.2d at 171; *Fowler*, 893 A.2d at 766.

- 8 -

Finally, we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case and have found none. ***Commonwealth v. Harden***, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw and affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/26/2016